JOHN MARTIN *et al.*, Appellants, *v.* EDWARD LACHASSE *et al.*, Respondents.

1. *Wills — Legacies — Survivorship — Death of legatee before that of testator — Lapse.* — A testamentary disposition will lapse by the death of the legatee during the life of the testator. But if a legacy be given to certain persons by name, and in the event of the death of either of them to the survivor, the alternative gift will take effect if the first legatee or devisee die even in the testator's lifetime.

*Appeal from St. Louis Circuit Court.*

*P. C. Morehead* and *S. Simmons*, for appellants.

I. The devise of the testator to his three sons became void on the failure of the contingency upon which it was predicated. As

John died without issue before the testator died, and the devise was wholly dependent on his arriving at age, it could never take effect, and is void. And as the subsequent provisos are also wholly dependent on his arriving at age, the whole clause is void.

II. Even if John had any interest, when he died it lapsed. (1 Jarm. Wills, 300, and notes; 1 Rop. Leg. 320; 30 N. Y. 393; Lovel. Wills, 15 Law Lib., 3d series, 239.)

*E. W. Decker* and *N. A. Mortell*, for respondents, cited Jones v. Waters, 17 Mo. 589; Chiles v. Bartleson, 21 Mo. 344; 1 Jarm. Wills, 726; Collins' Will, 40 Mo. 321–7; 3 Coke, 19; Goodtitle v. Whitley, 1 Burr. 228; Doe v. Underdown, Willis, 293; Doe v. Lea, 3 Tenn. 41; 2 Redf. Wills, ch. 50, §§ 1, 4, 7.)

WAGNER, Judge, delivered the opinion of the court.

By the agreed statement of facts the only questions that can arise depend upon the construction to be given to the last will of John Lachasse, deceased. It seems that the testator, on the 30th day of August, 1841, was seized of and in possession of the tract of land or farm in controversy, and that on that day he made his last will and testament, which was duly probated after his death. He had eight children, three males and five females, all named in the will. The will is as follows: "First. I give and bequeath unto my wife all my estate, real, personal and mixed, to be managed for the good of her and my children, at her discretion, so long as she remains unmarried; and in the event of her marriage she is to take the sum of one hundred and fifty dollars for the one-ninth part of my estate, in money or personal property; and if she should not remain a widow, or live until my son John comes of age, at which time the farm is to be sold or divided in three equal parts between my three sons, viz: Edward, Archibald and John, admitting they should live; and if any of them should die, the surviving one or two of them shall receive the deceased's part or parts. Second. I give and bequeath to my daughter, Patsey Martin, the sum of ten dollars. Third. I give and bequeath to my daughter, Aurora Neil, the sum of ten dollars. Fourth. I give and bequeath to my daughter, Victory Hunt, the sum of ten dollars. Fifth. I give and bequeath to my

daughters, Amanda and Ellen, all my moneys and personal property at the death of my wife Mary, their mother, or, in the event of her marriage, to be equally divided between them; and if either of them should die, the surviving one to receive the deceased one's part."

John, the youngest child, died on the 3d day of June, 1842, being an infant aged about two years. The testator died on the 12th day of July, 1842, and the widow is still living and unmarried. The two boys, Edward and William A., the surviving devisees in the will, are now and have been in possession of the land, and this suit was brought against them in ejectment by some of the sisters claiming to be entitled to recover, as heirs at law, a proportional part of the share that was originally given to the infant John. It is contended that as John's death preceded that of the testator, his share lapsed and descended to the heirs without reference to the will.

It is a conceded principle, most clearly established, that a testamentary disposition will lapse by the death of the legatee during the life of the testator. And this rule equally applies to devises of real as to bequests of personal estate. This rule has been long settled and recognized (Brett v. Rigdon, Plowd. 340; 1 Rop. Leg. 320), and is often productive of hardship, and in some cases defeats the intention of the testator. But the doctrine will not be extended beyond cases falling strictly within it. Therefore, if a legacy or devise be given to one by name, and in the event of his death to another, the alternative gift will take effect if the first legatee or devisee die even in the testator's lifetime. This point was expressly adjudged in a very recent case (Martha May's Appeal, 41 Penn. St. 512). The law favors the vesting of estates, and will always hold them to vest, where it can be done consistently with legal principles and the manifest intent of the testator, in preference to declaring them lapsed. (Collier's Will, 40 Mo. 287.)

It is evident that the will can not be so construed as to mean that the devise of the farm to the sons and the survivor of them was dependent on the condition that John must reach the age of majority; and John having died before he reached that age, that

in consequence thereof the estate did not vest. The provision simply goes to the postponement of the partition or sale until John, the youngest devisee, should arrive at age, for it declares that if either of the sons should die before that event, then the survivor or survivors should take the part or parts of the deceased. It seems to me that the language is clear and unmistakable, and that to give the will the construction insisted upon by the plaintiff would be contrary to sound legal principles and in opposition to the manifest intention of the testator. The will makes a disposition of the testator's whole estate. The land he clearly intended to give to his boys, and the survivor or survivors of them. To his three married daughters he gives the nominal sum of ten dollars each, and to the remaining two unmarried daughters he bequeaths all his personal property.

There is no general residuary devise or bequest, but there is a positive provision to prevent a lapse of the devise of the land, and to prevent a lapse of the bequest of the personalty, by directing that the survivor or survivors of the boys should take the land, and that the survivor of the two girls should take the personalty. The language is so clear and the intention is so plain that any other result would defeat the expressed object of the testator.

The court below found for the defendant, and its judgment will be affirmed. The other judges concur.