REUBEN ROCKWELL, EXECUTOR, *vs.* CHARLOTTE SWIFT
AND OTHERS.

Hartford Dist., March T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS,
TORRANCE and THAYER, Js.

A testator made the following bequest :—"I give to my cousins Charlotte
and Salmon Swift the use of my farm, and to the survivor the farm
absolutely; also to them ·in common all my household furniture and
effects; the bequest being nevertheless subject to and upon the express
condition that they remain with and care for me during the remainder
of my life and present no bill against my estate." After several other
legacies the will made a bequest of the residue of the estate of every
kind and nature  Salmon presented a claim against the testator's
estate, which was allowed, but Charlotte presented none, and had no
interest in that presented by Salmon.   Held—

1. That the testator must be regarded as having intended by a violation of
the condition, a violation by either or both of the devisees separately
and not necessarily by their joint act.
2. That the violation of the condition by Salmon caused a forfeiture of
his interest in the bequest, but did not affect the interest of Charlotte.
3. That as the interest of Salmon was determined by his act, Charlotte at
once took the farm in the same manner as if he had died and she had
survived.
4. That as the personal property was given absolutely to them in common
but with no right of survivorship, Charlotte would take only the half
given her, and that the half given to Salmon would go into the residue
of the estate.

[Argued March 4th—decided July 10th, 1890.]

SUIT for the construction of the will of William Swift,
deceased; brought to the Superior Court in Litchfield
County.  Facts found and case reserved for advice.  The
case is fully stated in the opinion.

*S. A. Herman* presented the case in behalf of all parties.

LOOMIS, J.  This is a complaint brought by the plaintiff
as executor to obtain the legal construction of the last will
of William Swift, deceased.  The questions arise under
paragraph second of the will, which is as follows:—

" I give, devise and bequeath to my cousins, Charlotte Swift and Salmon Swift, jointly, the use, improvement and enjoyment of the farm where I now live in Colbrook, with all its appurtenances; and to the survivor of them I give, devise and bequeath said farm absolutely and in fee simple, so that the same may be enjoyed by them in common during their joint lives, and at the death of one, the other surviving shall have a full and indefeasible estate therein. I also give and bequeath to them in common and undivided all my household furniture and housekeeping goods and effects, all live stock, implements and tools of every description upon said farm or pertaining thereto at my decease, my wagons, carriages, harnesses, books, pictures and maps. The above devise and bequest to the said Charlotte and Salmon being nevertheless subject to and upon the express condition that Charlotte and Salmon remain with and care for me during the remainder of my life and present no bill and make no charges against my estate."

After several specific pecuniary bequests to different parties the will concludes with an express devise and bequest of all the rest, residue and remainder of the estate of every kind and nature.

Although both of the legatees above mentioned remained with and took care of the testator during his life, yet after his decease Salmon Swift, in violation of the condition above prescribed, presented a bill for his services against the estate of the testator, which was allowed to the extent of $1,573.45; but Charlotte Swift faithfully conformed to the condition of the will and presented no claim and made no charges against the estate. The court also found that she was in no wise interested or concerned in the claim presented by Salmon, and that it was presented without her consent or knowledge.

The difficult question is to determine the effect of this violation of the condition on the part of Salmon. As the legacy in form is joint, and as the literal language of the condition seems to point to a joint act, the question is suggested whether the testator could have intended that there

Rockwell *v.* Swift.

should be no forfeiture at all unless both legatees should concur in violating the condition. This is too unreasonable to be entertained for a moment. Any one competent to make a will who deemed a condition of this kind essential to protect his estate from a double claim, would see that such a provision must defeat his object by the offering of a reward of a double portion to the one who should violate the condition made expressly to protect the estate. On the other hand, did the testator intend by this provision that the act of one alone should defeat the legacy to the other, so that the one faithfully observing the condition should not be able to have either a legacy or compensation for services? This also seems to us very unreasonable. The testator must have been fully aware that the services of his cousins Charlotte and Salmon, which were being rendered at the time of the execution of his will, were separate and not joint services, and that each would have a separate claim on that account and not a joint claim with the other. It seems, therefore, that he could not have intended on the one hand that the joint or concurrent act of both should be essential to forfeit the legacy to either, nor, on the other hand, that the separate act of one without the concurrence of the other should defeat the legacy to the one who had conformed to the condition in every respect. It is manifest that the thing to be done, namely, the rendition of services, was the consideration or motive inducing the testator to make the gift. It would therefore defeat the will of the testator were the condition made to operate so as to avoid the gift where there had been no failure of the consideration. Woerner on American Law, Vol. 2, page 952. Our conclusion therefore is that the sole act of Salmon in violation of the condition will defeat the legacy to him alone, and that the provision for the benefit of Charlotte, who had faithfully conformed to the wishes of the testator, and had rendered services which the testator is presumed to have considered equal in value to the legacy given, will remain in full force.

It will be observed that the condition of the will applies

both to the farm and to the personal property there enumerated, and that Salmon's interest is defeated as to both. But there is one important distinction between the devise as to the farm and the bequest as to the personal property. The farm is devised to Charlotte and Salmon jointly for life, and upon the death of one, the other surviving is to take a full and indefeasible estate therein. So that, as we advance in the construction of this will, other problems of no little difficulty are uncovered and confront us. The question in regard to the devise of the farm is, whether Charlotte is now entitled only to the enjoyment of a life estate in one undivided half, and whether she must wait till the death of Salmon before she can take the full indefeasible estate as survivor. Why should she wait when events have already occurred making it certain that Salmon's interest has already determined, both as to his life estate and to his right of survivorship? Why may she not enter at once upon the enjoyment of her full indefeasible estate, since her right of survivorship has been as conclusively established as it could be by Salmon's death? In relation to the clause of the will under consideration, and in relation to Charlotte's rights under the same, Salmon must be regarded as legally dead. We have reached this result with hesitation, owing to the fact that we thereby give a force and effect to the provisions of the will beyond the strict import of the language employed by the testator. The testator, having created a joint tenancy with the right of survivorship, and having annexed a provision for forfeiture, failed to specify the more remote consequences of a forfeiture. This omission we supply by inference from the provisions of the will,—namely, that the testator intended that either Salmon or Charlotte should own the farm absolutely, unless both should violate the condition; and that in view of what has now transpired, it is certain he did not intend that Salmon should have any interest in it whatever; and that, as Charlotte has faithfully conformed to the condition, it must have been the intent of the testator to give the entire farm to her. And if she can take it at all, she can take immediately.

The only reason for creating a joint life estate in the two persons named, and of postponing the vesting of the fee in one of them till the prior death of the other, was to control the subject matter of the devise while the two beneficiaries continued to occupy the same relation to it, that is, during the continued existence in each person of a possible future right to the survivorship. When therefore the right of one wholly ceased, that of the other took effect immediately. Are there any rules of law that forbid such a result? We think not, but, on the contrary, that the principle already established in analogous cases will justify it.

In all jurisdictions where the law has annexed to a joint tenancy the incident of survivorship, and where there has been a failure of one joint tenant to take a devise or bequest owing to his death before that of the testator, or where there is a failure for other cause, the courts have uniformly held that there was no lapse, but that the surviving joint tenant would take the entire estate. In 1 Jarman on Wills, 5th ed., page 341, it is said:—" If real estate be devised to *A* and *B*, or personal property be bequeathed to *A* and *B*, and *A* die in the testator's lifetime, *B*, in the event of his surviving the testator, will take the whole. And the same consequence would ensue if the gift failed from any other cause." In 2 Redfield's Law of Wills, 3d ed., page 168, sec. 17, it is also said:—"Where a bequest is made to two or more persons as joint tenants, (and where the bequest is general they will take as such unless prevented by statutory provision), and any one of the number survives the testator, there will be no lapse, although some of the joint devisees may decease before the testator, the share of the deceased joint tenant going to the survivors. And the same consequence follows where the bequest to any joint tenant fails for any other cause." The following cases also support the same doctrine. *Prescott* v. *Prescott*, 7 Met., 141; *Loring* v. *Coolidge*, 99 Mass., 191; *Dow* v. *Doyle*, 103 Mass., 489; *Hoppock* v. *Tucker*, 3 Thomp. & Cook, 654; *May's Appeal*, 41 Penn. St., 512; *Martin* v. *Lachasse*, 47 Mo., 591; *Buffar* v. *Bradford*, 2 Atk., 220; *Davis* v. *Kemp*,

1 Eq. Cas. Ab., 216, pl. 7; *Morley* v. *Bird*, 3 Ves., 628; *Humphrey* v. *Tayleur*, Amb., 136; *Larkins* v. *Larkins*, 3 Bos. & Pul., 16; *Short ex dem. Gastrell* v. *Smith*, 4 East, 419; *Young* v. *Davis*, 2 Drewry & Smale, 167.

The question under consideration has most commonly arisen where the devise or bequest to one joint tenant failed by reason of his death before the testator, but other causes have been recognized as having the same effect, and we see no good ground for any distinction. In the cases of *Humphrey* v. *Tayleur*, *Larkins* v. *Larkins*, *Short ex dem. Gastrell.* v. *Smith*, *supra*, there was a revocation of the legacies to one of the joint tenants; and in *Young* v. *Davis*, *supra*, the legacy to one joint tenant failed because he was also an attesting witness.

Although we do not in this state recognize the *jus accrescendi* or right of survivorship as a necessary legal incident of a joint tenancy, yet the principle of the authorities cited under that head must have their full weight, because in the will under consideration the right of survivorship is expressly conferred. And as to those cases where the devise failed by revocation, the principle seems precisely analogous to the case under consideration, where it failed by the act of the testator in annexing a condition to his will that produced the same result. Our conclusion therefore is, that the termination of Salmon's interest in the devise of the farm did not occasion any lapse, but the entire interest became vested absolutely in Charlotte.

The personal estate mentioned in this section of the will was given absolutely to Salmon and Charlotte in common and undivided, without any right of survivorship. Charlotte therefore can take only one undivided half of this property, and the other half must be treated either as intestate estate or allowed to sink into the residuum to be distributed according to the provisions of the residuary clause of the will; and this presents the only remaining question for our consideration. In the first place, we think it is manifest that the testator did not intend that any of his property should become intestate. The language of the residuary clause is

unusually strong and sweeping as against such a result. If then nothing has occurred which we may presume the testator did not forecast as a possible contingency that might enhance the amount of residuary estate, we should allow the testator's presumed intent to prevail. We might perhaps even go farther than this cautious statement implies, for the well settled rule requires us, in weighing the evidence of the testator's intent, to throw into the scale at the outset the weight of a positive disinclination against the result of . partial intestacy. Inasmuch then as the testator in this case inserted in his will an express condition, which if not complied with would certainly defeat certain legacies, he must be presumed to have contemplated the possible result as an enhancement or change in the amount of the residuum of his estate, and when we find the language of the residuary clause most ample to embrace it, we must conclude that Salmon's half of the personal property mentioned in the second paragraph of the will has become part of the residuum. For these reasons we advise the Superior Court that Salmon Swift is not entitled to receive any devise or bequest under the second paragraph of the will, and that the entire farm therein mentioned, together with one half of the personal property, has become the absolute estate of Charlotte Swift, and that the other half of the personal property enumerated in the paragraph has become a part of the residuum of the estate and is to be disposed of in accordance with the residuary clause of the will.

In this opinion the other judges concurred.