## Shaver's Adm'r, et al. v. Ewald's Ex'or.

(Decided February 28, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

The testator by his will left a legacy of $15,000 to each of his brothers and sisters who were living and to the children of those who were dead, providing that all the legatees should accept the legacies in satisfaction of all claims against his estate. Held, that each might accept the legacy for himself and that it was not required that all should accept before any one of them could demand his legacy.

KOHN, BAIRD, SLOSS & KOHN for appellant.

P. B. MUIR, CHAS. H. GIBSON, GIBSON, MARSHALL & GIBSON and THOS. A. BARKER, Guardian ad Litem, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

L. P. Ewald died a resident of Jefferson county, testate, on July 31, 1909. By his will which was duly admitted to probate, he designated the Columbia Trust Company as executor and trustee. It accepted the trust and brought this suit for a construction of the will, and the direction of the chancellor in the administration of the trust. Ewald left an estate of between $2,000,000 and $3,000,000. He had adopted three children to whom he left the bulk of his estate in trust; and it is alleged that he apprehended that his brothers and sisters might

attack the validity of the adoption of the children, and might contest the will. His brothers and sisters and their descendants were his heirs at law, and would receive the property if the will was broken. The third paragraph of the will is in these words:

"I give and bequeath to the widow and children of my brother, Jacob C. Ewald, of Saint Louis, Missouri, who shall survive me, share and share alike, in the aggregate the sum of fifteen thousand dollars ($15,000). I give and bequeath to my sister, Rosa E. Damon, of Saint Louis, Missouri, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my sister, Sophia E. Shaver, wife of Thomas Shaver, of Jefferson county, Kentucky, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my sister, Julia E. Toohoy, of Saint Louis, Missouri, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my sister, Lizzie Ewald, of the city of New York, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my sister, Ann Ewald, of the city of Saint Louis, Missouri, the sum of fifteen thousand dollars. I give and bequeath to my sister, Katherine Ewald, of the city of Saint Louis, Missouri, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my brother, J. Howard Ewald, of the city of Saint Louis, Missouri, the sum of fifteen thousand dollars ($15,000). I give and bequeath to my brother, Henry F. Ewald, of the city of Saint Louis, Missouri, the sum of fifteen thousand dollars ($15,000). The bequests in this third clause, however, are made on the express condition that all the legatees therein named shall accept these legacies in full and complete satisfaction of all claims or pretended claims against myself, or my estate, or of any interest therein, of every kind and nature whatsoever. In the event any of the legatees named in this clause should die before me, without leaving any descendants, their legacies shall lapse. This, however, does not apply to the legacy made to the widow and children of Jacob C. Ewald, unless all of them should die before me without issue. My executor hereinafter named is authorized to pay these legacies as soon as it can be conveniently done after my decease."

Four of the legatees under this clause filed their petition in the action asking that the $15,000 devised to each of them be paid them. The circuit court sustained a demurrer to their petition on the ground that the other

five had not signified an election to take under the will and that none of the legacies were payable unless all of the legatees accepted the legacies as provided in the will. The petition of the legatees having been dismissed, by the circuit court, they appeal.

The only question presented on the appeal is whether each of the legatees may accept for himself the provisions of the will, and receive his $15,000, or whether all must accept before any one of them will be entitled to receive anything. In King v. Grant, 55 Conn., 166, the testator bequeathed certain property to his sister, and two nieces, one-third to each as long as they remained unmarried. One of them married and it was urged that the interests of all were defeated; but the court held that it could not presume that the testator intended to punish all for the marriage of one. In Rockwell v. Swift, 59 Conn., 289, the testator devised certain property to Charlotte Swift and Salmon Swift, this clause of the will closing with these words:

"The above devise and bequest to the said Charlotte and Salmon being nevertheless subject to and upon the expressed condition that Charlotte and Salmon remain with and care for me during the remainder of my life, and present no bill and make no charges against my estate."

Salmon presented a bill against the estate. The claim was allowed and paid. Charlotte presented no bill and remained with him and took care of him during the remainder of his life. It was insisted that the estate being joint, the act of Salmon in presenting a bill, defeated the devise to Charlotte. The court held otherwise. It said:

"As the legacy in form is joint, and as the literal language of the condition seems to point to a joint act, the question is suggested whether the testator could have intended that there should be no forfeiture at all unless both legatees should concur in violating the condition. This is too unreasonable to be entertained for a moment. Any one competent to make a will, who deemed a condition of this kind essential to protect his estate from a double claim, would see that such a condition must defeat his object by the offering of a reward of a double portion to the one who should violate the condition made expressly to protect the estate. On the other hand, did the testator intend by this provision that the act of one

alone should defeat the legacy to the other, so that the one faithfully observing the condition should not be able to have either a legacy or compensation for services? This also seems to us very unreasonable. The testator must have been fully aware that the services of his cousins, Charlotte and Salmon, which were being rendered at the time of the execution of his will, were separate and not joint, services, and that each would have a separate claim on that account, and not a joint claim with the other. It seems, therefore, that he could not have intended, on the one hand, that the joint or concurrent act of both should be essential to forfeit the legacy to either; nor, on the other hand, that the separate act of one without the concurrence of the other should defeat the legacy to the one who had conformed to the condition in every respect. It is manifest that the thing to be done, viz., the rendition of services, was the consideration or motive inducing the testator to make the gift. It would, therefore, defeat the will of the testator were the condition made to operate so as to avoid the gift where there had been no failure of the consideration." (See also Pendleton v. Kinney, 65 Conn., 232.)

In Dunlap v. Ingram, 57 N. C., 178, certain property was left to a number of devisees, and it was provided that the executors should not pay the legacies "until each of them applying for his legacy, shall execute to them a full release and acquittance" for all demands against the estate. It was held that those who released their demands should be paid, although the others had not released.

In 1 Redfield on Wills, 487, it is said:

"There are, no doubt, many instances, where, to prevent the divesting of a legacy, and carry out the manifest intent of the testator, the word 'and' will be construed 'or.' "

Upon the same principle "all" may be construed as meaning "each." A construction that will sustain a devise is preferred to one that will defeat it, unless the latter is required by the language of the will. (Homes v. Walter, 62 L. R. A., 986.) Conjunctive words will be read as disjunctive and vice versa when necessary to effectuate the testator's intention; and where, as in this case, the will is carefully drawn, the court will not extend by construction a condition beyond the natural meaning of the words used to defeat the estate by a contingency

he did not provide for. (Moore v. Sleet, 113 Ky., 606, and cases cited.)

In the will before us the testator clearly intended to make a provision for each of his brothers and sisters and for the children of those that were dead. One of them was in no way interested in the legacies to the others. We can not presume that the testator intended that all the others should be denied the benefit of his bounty, if one of the legatees refused to accept it. The language which he used does not naturally convey any such meaning. He says the bequests in this third clause ''are made on the express condition that all the legatees therein named shall accept these legacies in full and complete satisfaction of all claims or pretended claims against myself or my estate.'' He does not say that no one of the legatees shall receive his legacy unless all accept. He only says that all the legatees must accept the legacies in full satisfaction of all claims against his estate. The natural meaning of the language used is that all these legatees, if they accept the legacies, must present no claim against the estate. The language of the will does not naturally bear any other construction. The word ''all'' is used in the sense of ''each,'' for one legatee was in no manner interested in the legacy to the other. (Scherburne v. Sischo, 143 Mass., 439.) The legatees who accept the legacies, will accept them in full, of all interest in the estate. and will have no interest in it, though the will should be contested and held invalid. Each legatee may act for himself. Those who do not accept their legacies will obtain nothing under the will, and be entitled to no part of the estate so long as the will stands.

Judgment reversed and cause remanded for further proceedings consistent herewith.