G. H. Calloway *v.* Federal Life & Casualty Company

(No. 7439)

Submitted February 7, 1933.   Decided February 14, 1933.

*Ira J. Partlow* and *Christie & Christie,* for plaintiff in error.
*E. W. Worrell,* for defendant in error.

Maxwell, President:

Plaintiff is beneficiary under a health-accident insurance policy issued to him by the defendant.   The policy provides for indemnity of $60.00 per month to be paid to the plaintiff for total loss of time resulting from accident or illness.   The policy is dated September 13, 1929, and was delivered to insured September 17, 1929.

On the 25th of the same month, plaintiff, while working at his trade, meat cutter, injured his right hand severely.   He received medical attention therefor.   On the 5th day of October, following, he became afflicted with paralysis, totally in-

capacitating him from work or employment. His disability continues.

In a prior action against the defendant, the plaintiff recovered at the rate of $60.00 per month from September 25, 1929, to October 13, 1931. The present action is for the period from October 13, 1931, to May 27, 1932.

At the conclusion of plaintiff's evidence, defendant demurred thereto, whereupon the jury returned a conditional verdict for $450.00. Upon considering the questions of law involved, the court overruled the demurrer and entered judgment on the verdict for the plaintiff. A writ of error was awarded the defendant.

Section (b) of Part XIV of the policy of insurance reads: "The limit of time for which indemnity shall be payable for disability due wholly or in part to hernia, paralysis, rheumatism, sciatica, lumbago, insanity, or any chronic disease, shall be one month." It is contended by defendant that the limitation of this section applies to all diseases enumerated therein regardless of cause. This cannot be accepted as the correct analysis of the section. It will be remembered that the policy covers both accident and disease. Inasmuch as under item (1) of "The Insuring Clause" (the accident item) the plaintiff is insured against "the effects" of bodily injury, the above limitation, being inconsistent with said item (1), must be deemed applicable to the enumerated diseases, only when not attributable to accident.

Defendant takes the further position that the plaintiff is not suffering from disease caused by accident, but from paralysis attributable to some other cause, and, therefore, under the provisions of the quoted section, is not entitled to recover in this action. Although this position is ably argued by counsel, we are unable to adopt the same. While the medical witnesses are not in agreement as to whether plaintiff's paralysis resulted from the injury to his hand which preceded the paralysis by ten days, his attending physician is of opinion that the injury caused the paralysis, and, in that opinion he is sustained by one or two other physicians. Thus there was presented a jury question.

And then, too, under familiar rules, for which there need be no citation of authority, reasonable and fair inferences most

favorable to the demurree must be adopted. This proposition, alone, is decisive of the case, but it is buttressed on another proposition which is likewise sufficient, namely, a controlling issue in the first case was whether or not the plaintiff's paralytic condition was attributable to the accident which he suffered on the 25th day of September, 1929. The jury's verdict for the plaintiff necessarily embraced a finding that the paralysis was due to the injury. That question therefore stands *res judicata*. *Koontz* v. *Mylius,* 77 W. Va. 499, 87 S. E. 851; 15 Ruling Case Law, p. 977. It was a primary fact, without an affirmative finding on which there could have been no verdict for the plaintiff. By such finding the question of the cause of the paralysis was forever put at rest between these parties. We think that result necessarily follows though that specific question was not presented by defendant's specifications of defense in the first suit. Whether the parties deemed the question involved as coming under the general issue or not, they nevertheless adduced evidence pro and con and submitted the issue to the jury.

Perceiving no prejudicial error in the record, we affirm the, judgment.

*Affirmed.*