# CHARLESTON.

KOONTZ, PHILLIPS & STAMM v. MYLIUS *et al.*

Submitted January 18, 1916. Decided January 25, 1916.

1. JUDGMENT—*Res Judicata.*
   Where the issues involved in an action have been previously decided by a court of competent jurisdiction, in another suit between the same parties, such issues are *res judicata,* and the parties are thereby estopped from controverting them. (p. 500).

2. SAME—*Estoppel—Injunction—Trespass.*
   Where there is a conflict in the boundary lines of co-terminous land-owners, and one of them seeks, by bill in equity, to enjoin the other from cutting and removing the timber from the disputed area, and on full hearing the preliminary injunction previously awarded is dissolved and plaintiff's bill dismissed, and he thereafter sells the timber on the disputed land and his vendee severs and removes it, he is estopped, in an action of trespass against him by the defendant in the injunction suit, to deny the title of the latter, unless by his subsequent acts or declarations respecting the matters in issue such defendant has caused him to be misled to his injury; or, in other words, unless his subsequent action or statements amount to an estoppel upon him. (p. 500).

3. ESTOPPEL—*Incorrect Information—Effect—Boundary Line.*
   . Incorrect information, innocently given, and without any purpose to deceive, by one of such parties to the other or to his agent, respecting the description of his boundary line, although believed as true and acted on by such other, does not amount to an estoppel, unless the party relying thereon is misled thereby to his injury. (p. 500).

4.  TRIAL—*Argument of Counsel—Discretion.*

If the attorney for the defendant does not announce his purpose to submit the case to the jury without argument, until after the attorney for plaintiff has concluded his opening argument, and he then declares such purpose, it is no abuse of discretion for the trial judge to permit plaintiff's attorney to make a second argument to the jury.  (p. 504).

5.  SAME—*Deliberation—Right to Take Notes.*

The court may permit the jury to take to their room when they retire to consider of their verdict, any paper read in evidence before them; and, at the request of the jury or any of them, it may allow a paper to be read to them a second time, and any juror has the right to make notes therefrom when it is so read.  (p. 504).

Error to Circuit Court, Randolph County.

Action by Koontz, Phillips & Stamm, partners, etc., against Charles E. Mylius and others.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*W. B. & E. L. Maxwell,* for plaintiffs in error.

*Samuel T. Spears,* for defendant in error.

WILLIAMS, PRESIDENT:

Jacob Koontz,, E. F. Phillips and John Stamm, partners trading as Koontz, Phillips & Stamm, recovered a judgment against Charles E. Mylius in an action of trespass for the cutting and removing of timber from land claimed by them, and defendant brings error.  The alleged trespass was committed by defendant's vendee, the Demp-Bell Lumber Company, a corporation, which was sued jointly with Mylius.  It was not served with process, and judgment was recovered against Mylius only.

Numerous errors are assigned.  The one chiefly relied on is the rejection of defendant's special pleas No. 2 and 3, alleging certain facts which defendant's counsel insists operate as an estoppel upon plaintiffs.  This suit is an aftermath to the suit of *Mylius* v. *Koontz et als.,* appealed to this court, and decided in 1911, and reported in 69 W. Va. 621.  That suit was between the same parties, and the issue there involved was the right of these plaintiffs to cut and remove the timber from certain lands conveyed to them by T. J.

Arnold and others, and it was there held that Mylius, the plaintiff in that suit, defendant in this, was estopped to deny the right of Koontz, Phillips and Stamm to the timber on the land so conveyed to them.   The present action is to recover the value of a portion of the same timber, cut and removed since that time by Mylius' vendee, the Demp-Bell Lumber Company.   It, therefore, follows that the former decision is *res judicata* respecting plaintiffs' right to the timber, and, consequently, of their right to recover for the cutting and removing thereof by Mylius' vendee, unless they are estopped by their conduct or representations, performed or made since that time, to claim the benefit thereof; in other words, unless there has been a waiver by them of the estoppel, or an estoppel upon an estoppel.   The special pleas aver that Mylius did not know the location of plaintiffs' lines upon the ground, and so informed his vendee at the time he sold it, and told its agents and servants to ascertain from plaintiffs the location of their lines, and to cut no timber beyond them; that at the time the servants and agents of his vendee were engaged in cutting timber near the land in question they went to plaintiffs for the purpose of ascertaining their line, and were told by them that their line was painted red; and that they did cut the timber up to a line painted red, which they took to be plaintiffs' outside boundary line, and did not cut any timber beyond that line.   It is averred that defendant and his vendee relied on that statement as true, and acted accordingly, and that plaintiffs are, therefore, estopped to claim damages on account of any timber cut from land not within the lines painted red.   The land on which the alleged trespass was committed is a triangular piece, containing 21 acres and lying at the apex of a triangular tract of 55 acres which was originally a part of a 228 acre tract.   The 55 acre tract, later ascertained to contain 59 acres, is a part of the land conveyed to plaintiffs by T. J. Arnold and others, and is within the boundary lines of the deeds.   But the eastern boundary line of the triangle, which lay next to defendant's land, was blazed but not painted, whereas its western line was in fact painted red; and it is proven that no timber was cut beyond the red line of the triangular tract.   Mr. Stamm admits he told Harper and Potter, employes of the Demp-Bell Lumber

Company, that their eastern boundary line was painted red. Stamm was the member of the firm in charge of the mill operations, but he was not along with the surveyor when the lines were run and painted, and, therefore, did not in fact know that the eastern boundary line of the triangle was not painted. He received the impression from his partner Phillips, who did accompany the surveyor and painted the lines, that the whole of their outside eastern boundary line had been painted, whereas, in fact it was not painted but only blazed along on a part of, the eastern boundary line. The surveying and painting had been done several years before the alleged trespass. Mr. Phillips explains, in his testimony, how the western, instead of the eastern line of the triangular tract happened to be painted. It is unnecessary to burden the report with a recital of his testimony on this point, as it is undisputed. It suffices to say that it and Stamm's testimony prove that the latter was mistaken as to the fact, but had no intention to deceive anyone when he told Harper and Potter their eastern line was painted. His lack of purpose to deceive might not, however, be sufficient to relieve plaintiffs of the consequences of his mistake, if it appeared that defendant relied upon his statement and was thereby misled to his injury. He assumed to speak authoritatively about a matter it was fair to presume he had actual knowledge or correct information, and the fact that his statement was not intended to deceive or mislead anyone might not relieve him of its consequences, if it appeared that defendant was actually misled by it to his injury. It is one of the essential elements of estoppel *in pais*, that the party relying on it must have been misled to his injury. The pleas do not allege that defendant was so misled, and hence, they do not contain matter constituting a defense to the action. 5 Encyc. Digest, 232, 233 and 234. We are only passing on the pleas so far as they relate to the rights of Mylius; it is unnecessary to determine how they would affect the rights of his vendee. It may not have been affected in the same manner by the matter now alleged by Mylius only as constituting an estoppel in his favor. It appears from the proof that Mylius was not in fact injured. He admits receiving pay from his vendee for the timber cut from the triangle, and, to require him to account

to plaintiffs for its value, would only be to place the parties, as near as possible, in *statu quo.*

It is insisted that, as Mylius did not sever the timber, plaintiffs have no right to recover against him. Mylius admits that the Demp-Bell Lumber Company cut the timber under a contract with him, and that he received the pay for it. Before this suit was brought, and when the parties were apparently endeavoring to settle this controversy out of court, Mylius wrote a letter, of date January 30, 1912, to plaintiffs' counsel, in answer to one, shortly theretofore received by him, in which he says: "Relative to the alleged liability against Demp-Bell Lumber Company for the cutting of timber on 59 acres I want to say that if there is liability against any one for the cutting of this timber that liability is primarily against me, because that company cut that timber under a contract with me. I deny all liability against either the Demp-Bell Lumber Company or against myself and you will find upon an investigation of the facts that the line as claimed by Koontz, Phillips and Stamm to their land was respected upon such cutting and no cutting was done over their line." If he did not actually commit the trespass he primarily caused it, and having both caused it and profited by it, he is unquestionably liable. He and his vendee are jointly and severally liable for the tort, but the latter is not served with process and no question arises as to it.

. The determination of the foregoing propositions, viz.: (1) That the former decision in the injunction proceedings, brought by Mylius against Koontz, Phillips and Stamm, determined the rights of these plaintiffs to the timber involved in this suit; and (2), that the statement of Stamm respecting their boundary line does not estop them from claiming the benefit of that adjudication against Mylius, he not having been thereby misled to his injury, disposes of the merits of the case. Most of the other assignments relate to, and depend, more or less, upon those two principal propositions.

It necessarily follows from our determination in respect to them, that the court properly excluded the evidence of surveyor Flanagan and others, which tended to prove that a part of the timber in controversy was located within the lines of Lot No. 21 of the Goff survey. Because of the former ad-

judication it was not material to enquire where the lines of that tract were; it was only essential to know whether or not the trespass was committed within the bounds of the lands conveyed to plaintiffs by Arnold and others. It is clearly proven, and not controverted, that the timber was included within the bounds of those lands. For the same reason it was not error to exclude defendant's evidence of his actual possession of Lot No. 15 of the Goff survey, and the record evidence of his title, all of which matters antedated the former decision. Neither was it error to give plaintiffs' instructions, Nos. 2 and 3. The law of the case, as therein stated, harmonizes with this opinion.

The refusal of the court to give four several instructions asked for by the defendant is also assigned as error. Some of them are framed upon the theory that defendant had a right to go behind the former adjudication, and prove his title to the land upon which the trespass was committed, and, if given, would have told the jury that, if they were satisfied from the evidence the alleged trespass, or any part of it, was committed within the bounds of the tract known as Lot No. 21, of the Goff survey, plaintiffs could not recover anything on account of the timber taken from that part. which lay within the bounds of that lot. In view of the former decision, this matter was not material.

Defendant's instructions Nos. 3 and 4, refused, would have told the jury that Stamm's statement made to the agents of the Demp-Bell Lumber Company respecting plaintiffs' line, estopped them, if the jury should find that that information was not true, but was believed to be true and was acted upon by said company; and in that event, they should find for the defendant. We have already disposed of the question raised by this assignment, under the one relating to the rejection of defendant's special pleas.

Counsel for defendant having declined to argue the case after plaintiffs' counsel had made his opening argument, he was permitted to make a second argument, over the objection of defendant's counsel; and during his argument, at the request of one of the jurors, he was permitted to read to them, a second time, the written estimate, made by one of the witnesses, of the timber cut and removed by defendant from the

land in controversy, which estimate was copied by some of the jurors, over the objection of defendant, and the court's ruling in regard to these matters are assigned as error. Wide discretion respecting the conduct of trials is necessarily vested in trial courts, and unless it clearly appears that there has been such abuse of discretion as will prejudice the party complaining, the verdict will not be disclosed. It does not appear that plaintiffs' counsel knew, before making his first argument, that defendant's counsel did not intend to argue the case, and he may have been surprised by his not doing so. He should have made known his purpose to submit the case without argument before plaintiffs' counsel concluded his first argument. It was certainly not error to permit the second reading to the jury of the timber estimate, at their request, or the request of one of their number. These assignments do not indicate any abuse of discretion by the trial court. It had the right to allow the jury to take the paper containing the estimate to their room, if they had desired it, and there was certainly no error in allowing them to make notes from it. Sec. 12, Ch. 131, Code 1913; *Cobb* v. *Dunlevie*, 63 W. Va. 398; *State* v. *Stover*, 64 W. Va. 668; and *State* v. *Lewis*, 69 W. Va. 472.

It was not error to reject, as evidence, the contract entered into between Mylius and his vendee, the Demp-Bell Lumber Company; it was clearly *res inter alios acta*. No matter what its contents were, it could not have affected the rights of plaintiffs, they were no parties to it.

The judgment is affirmed.

*Affirmed.*