**Roy Lee HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–89–303–CR.**

Court of Appeals of Texas,
Fort Worth.

May 7, 1991.

Rehearing Overruled June 11, 1991.

Pete Gilfeather, Gilfeather, Parker & Griffin, Fort Worth, for appellant.

Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before WEAVER, C.J., and HILL and MEYERS, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant was found guilty by a jury of the offense of possession with intent to deliver a controlled substance, cocaine, of less than twenty-eight grams. At the punishment phase of the trial, the same jury found that appellant used or exhibited a deadly weapon, to wit, a firearm, during the commission of the offense or during immediate flight therefrom, and assessed his punishment at life in the Texas Department of Corrections, now the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant has perfected this appeal, and under five points of error alleges that the trial court erred: 1) in admitting into evidence at the punishment stage evidence of an unadjudicated charge of attempted murder against appellant; 2) in allowing the jury to take notebooks containing notes they had taken during the trial into the jury room during deliberations at both the guilt and punishment stages of the trial; 3) in refusing to allow appellant during the punishment stage to cross-examine an officer as to a prior situation where he had mistakenly believed a person was in possession of a weapon; 4) in overruling appellant's objection to inflammatory language (showing that prior offenses by the appellant were reduced) in the penitentiary packet offered by the State at the punishment stage of the trial; and 5) in submitting to the jury during the punishment phase the special issue of a deadly weapon during the commission of the offense because the notice given by the State of intent to seek a deadly weapon finding did not show what type of deadly weapon was allegedly used in the commission of the offense.

■ Appellant argues under his first point of error that the trial court erred in overruling his objection to the admission at the punishment stage of the trial of an unadjudicated charge of attempted murder.

During the punishment phase, the State introduced the testimony of Anthony Hall who stated that in 1988 the appellant had shot him and shot at another individual.

Appellant asserts that the amended version of article 37.07, section 3(a) of the Code of Criminal Procedure, which is dispositive of appellant's first point of error and which became effective on September 1, 1989, is not controlling. In support of his argument, he states that since both the extraneous, unadjudicated offense and the offense for which he was convicted of at the trial below occurred before the changes to article 37.07 became effective, the previous version of the article should apply.

■ We are not persuaded by appellant's argument and hold that the amended version of article 37.07, section 3(a) applies. Laws that do not amend substantive law by defining criminal acts or providing for penalties are procedural in nature. *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex.Crim. App.1985). Article 37.07, section 3(a), refers to the admission of certain evidence at the punishment phase of a trial and does not purport to define criminal acts or provide for penalties; hence the article is procedural in nature. Absent an express provision, a procedural statute controls litigation from its effective date, and it may be applied to trials for offenses committed before its effective date and to proceedings pending at the time of its enactment. *Rodriguez v. State*, 779 S.W.2d 884, 886 (Tex. App.—Corpus Christi 1989, no pet.). Thus, the current amended version of article 37.-07, section 3(a), which became effective on September 1, 1989, controls.

■ Appellant next argues that even if the amended version of article 37.07, section 3(a) applies, the testimony of Hall was still inadmissible. The amended version of the pertinent part of article 37.07, section 3(a) provides:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant <u>as to any matter the court deems relevant to sentencing,</u> including the prior criminal record of the defendant, his general reputation and his character.[1]

TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1991).

The scope of article 37.07, section 3(a) was recently addressed by the Beaumont Court of Appeals in *Huggins v. State*, 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd). The defendant in *Huggins* was also complaining about the admission into evidence during the punishment phase of extraneous, unadjudicated offenses. In overruling the defendant's point of error, the court wrote:

We hold that the language that evidence may, as permitted by the Rules of Evidence, be offered by the State and the defendant as to any matter the court deems relevant to sentencing is additional to and separate and independent of the "prior criminal record of the defendant." This relevant evidence is also independent of and separate from evidence of the defendant's general reputation and his character.

*Id.* at 911. The court then examined the definition of relevant evidence under rule 401 of Texas Rules of Criminal Evidence and stated:

We note that the language used [in rule 401] is "any tendency to make the existence of any fact that is of consequence to the determination of the action." Part of the determination of the action, of course, was the assessment of punishment. We hold that the evidence submitted is of consequence to that determination.

*Id.* The court also held that admission of evidence under article 37.07, section 3(a) invokes an abuse of discretion standard of review. *Id.*

In the instant case, the testimony of Hall was of consequence to the determination by the jury of the punishment to be as-

---

1. The underlined portion was added by the 1989 amendment.

sessed. *See Huggins,* 795 S.W.2d at 911. We hold that the trial court did not abuse its discretion in admitting Hall's testimony. Appellant's first point of error is overruled.

Appellant argues under his second point of error that the trial court committed reversible error in overruling appellant's objection to the court allowing the jury to take notebooks, containing notes they had taken during trial, into the jury room.

■ Following selection of the jury and prior to the beginning of testimony, the trial court provided notebooks to the jurors and instructed them that they would be allowed to take notes if they chose. The court stated:

> Now, one other thing. In trial it's extremely important that you pay attention. I'm going to permit note taking in this trial. I'll provided [sic] each one of you a small note pad and a pen. You don't have to take notes if you don't want to. If you're like me, when you were in school, you didn't like to take notes then; and you probably don't want to now. Some of you may feel it will help you remember the facts. So I will let you take notes, but I will require that the notes remain back in the jury room when you leave the courthouse. So you can't take them home with you, but you can leave them there in the jury room. Again, that's your option. You can take the notes if you want to, but you're not required to, okay? . . . .

Appellant did not object at this time. Later at the close of the trial, the appellant objected to the jurors being allowed to take the notebooks into the jury room during deliberations, which the trial court overruled. The appellant objected a second time prior to the jury's deliberation on punishment. The trial court responded:

> Counsel, I'm going to permit them to use notebooks. I made a calculated decision when this trial started to do this. It's been expressed to me by judges in other jurisdictions throughout the United States that this is something that is help-

ful to the jurors, it enables them to arrive at a fair and just verdict, and it minimizes the confusion to the jury. So for that reason, I will overrule your objection.

Appellant has not shown us, other than the fact that the jurors took their notebooks into the deliberation room, in what manner the notes were used by the jurors.

This issue has been widely discussed throughout both state and federal jurisdictions, and there is a split of authority. Annotation, *Taking and Use of Trial Notes by Jury,* 14 A.L.R.3rd 831, 834 (1967).[2] It appears that neither the Texas Supreme Court nor the Texas Court of Criminal Appeals has passed on the propriety of juror note-taking. However, in *Hollins v. State,* 571 S.W.2d 873, 881 (Tex. Crim.App.1978), the court of criminal appeals surveyed many jurisdictions and found that "[i]t clearly appears that in the absence of statute the majority view in this country is that the matter of note-taking by jurors and their subsequent use during deliberations is left to the sound discretion of the trial court." (citing Wharton's Criminal Law and Procedure, Vol. V., § 2112, p. 295; 89 C.J.S. Trial § 456, p. 80; *State v. Jackson,* 201 Kan. 795, 443 P.2d 279 (1968)). *See also* 14 A.L.R.3d 831 (1967). While the court extensively discussed the issue of juror note-taking, it nevertheless declined to lay down a "hard and fast" rule on the subject.

In *Davis v. Huey,* 608 S.W.2d 944, 955 (Tex.Civ.App.—Austin 1980), *rev'd on other grounds,* 620 S.W.2d 561 (Tex.1981), the Austin Court of Appeals found no jury misconduct when a juror took notes of the testimony of a witness. In examining the propriety of juror notetaking, the court found no prohibition in the Rules of Civil Procedure against the taking of notes by a juror and noted that there was no instruction regarding the same in the approved instructions to the jury in rule 226a. In finding no error, the court reasoned that there was no proof that the notes were

---

**2.** "Most authorities take the view that the making and use of trial notes by the jury is not misconduct but is proper and may even be de-

sirable where it is unattended by undue consumption of time." [citations omitted] 14 A.L.R. 834 (1967).

regarded as evidence; rather, the juror used his notes to refresh his recollection of the witness's testimony. In addition, the jury requested and obtained the witness's testimony, thereby curing any possible misconception. *Id.* at 955. *See also, Manges v. Willoughby,* 505 S.W.2d 379, 384 (Tex. Civ.App.—San Antonio 1974, writ ref'd n.r.e.) (for a favorable discussion of juror note-taking). However, *Guest v. American Petrofina Co.,* 485 S.W.2d 926, 927 (Tex.Civ.App.—Texarkana 1972, no writ) and *English v. American & Foreign Ins. Co.,* 529 S.W.2d 810, 813 (Tex.Civ.App.—Texarkana 1975, no writ) both frowned upon juror note-taking. In *United States v. Chiarella,* 184 F.2d 903 (2d Cir.1950), Chief Judge Learned Hand wrote:

> The notion has at times been countenanced that jurors should not be allowed to take notes, on the theory that they take on an undue importance when the jury deliberates.... The supposed dangers appear to us far-fetched, if not imaginary; but even if we are wrong, it has never been suggested that the judge must *permit* the practice; the question has always been whether he must *forbid* it. Moreover, it is at most a matter of discretion.

*Id.* at 907 (emphasis original).

Appellant cites us to no express prohibition preventing jurors from taking notes, and we find none. Further, we do not view the juror notes per se as injecting additional evidence outside the record.

In this case, the trial court did not fully instruct the jurors that the jurors' notes were not to be considered as evidence or that the jurors should pay full attention to the evidence as it was being delivered in court. Although it may be considered better practice for the trial court to explain the proper use of notes during jury deliberation, inasmuch as the appellant did not request such an instruction, and because there is nothing in the record to show or indicate that the jury made improper use of the notes, we are unable to find that the trial court abused its discretion in supplying the jurors with note-taking material and in allowing the notes to be taken into the jury room during deliberations.

■ Even if we assume that juror note-taking is improper, we find beyond a reasonable doubt that such alleged error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2).

In the instant case, the appellant asserts that "allowing notes in the jury room was reversible error in that it injected inaccurate as well as new independent evidence into the jurors deliberations." However, appellant has failed to direct us to any portion of the record that would so indicate. There is no showing that the notes were inaccurate, that a juror imposed his opinion over that of other jurors, that the notes were considered as evidence, or that the notes were even used by the jurors. Accordingly, reversible error is not shown. Appellant's second point of error is overruled.

■ Appellant argues under his third point of error that the trial court erred in refusing to allow appellant to cross-examine Officer Stephen Warren as to a prior situation where he mistakenly believed a person was in possession of a weapon.

Officer Warren was one of the police officers who chased the appellant on July 21, 1988. He, along with Officer Gabriel Barrera, testified that they saw the appellant reach into his waist band, then fall, resulting in the appellant dropping a fully loaded gun, which was recovered and introduced into evidence.

Appellant sought to cross-examine Officer Warren concerning an incident that resulted in Officer Warren being suspended from the Fort Worth Police Department. The State filed a motion in limine preventing appellant from delving into this issue alleging that the suspension was irrelevant and of no probative value.

In a pre-trial hearing to determine the propriety of the motion in limine, Officer Warren testified that he was suspended from the police department for the unauthorized use of city equipment and having an unauthorized person in a city vehicle. On the evening of July 29, 1989, while

off-duty, Officer Warren and his girlfriend were parked in an unmarked police car outside a convenience store. He testified that he saw an individual run from the store carrying something under his arms. Then another individual emerged from the store saying, "stop him," and Officer Warren's date said, "he just robbed this store." Appellant's counsel then asked:

Q. Are you telling us that when this person came out of the store, that you thought that they had committed an aggravated robbery or a robbery involving some kind of weapon?

A. Yes, sir.

Q. And it turned out that was not true; is that correct?

A. Yes, sir.

Q. Turned out just to be a shoplifting with no weapon involved; is that correct?

A. I believe so.

Appellant's counsel argued that since Officer Warren had mistakenly assumed that the individual had possessed a weapon that Officer Warren may also have been mistaken in the instant case. The trial court overruled the appellant's objections and stated that "I will not permit these matters to be delved into in front of the jury because at bottom I think it's still irrelevant at this point."

■■■ In order to be admissible, evidence must be relevant to a contested issue. The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App. 1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

The record does not support the appellant's contention that Officer Warren ever mistakenly believed he saw the suspect with a weapon in the July 29, 1989, incident. At most, Officer Warren's testimony shows that he assumed that the individual running from the store possessed a weapon, not that he saw that the individual had a weapon. We cannot say that the trial court abused its discretion in finding that the events that transpired on July 29, 1989,

over a year subsequent to the appellant's arrest, were irrelevant. Appellant's third point of error is overruled.

■■■ Under his fourth point of error, appellant argues that the trial court committed reversible error in overruling appellant's objection to inflammatory language in the penitentiary packet offered by the State. The penitentiary packet to which appellant is referring is the State's exhibit 5, which included five judgments of prior convictions of the appellant. The appellant objected to two of those judgments which state, in part, that "the State having made it known that it would not seek the death penalty in this cause."

Initially, the State argues in its brief that the appellant has waived error under his fourth point of error because the appellant failed to identify the specific exhibit to which he is objecting, and therefore has preserved nothing for appellate review. After reviewing appellant's brief, we find that appellant sufficiently identified that portion of the record necessary for us to address his point of error.

Appellant relies upon the case of *Davis v. State*, 642 S.W.2d 510 (Tex.Crim.App. [Panel Op.] 1982), in which the prosecution introduced, at the punishment phase of the trial, the judgment of a prior conviction which reflected that the appellant had been indicted for the felony of theft of an automobile, but the offense was subsequently reduced to the lesser included offense of unauthorized use of an automobile, a class A misdemeanor. The court held that the reference to the defendant having been charged with a felony should have been deleted, but affirmed the conviction, holding that any error was harmless beyond a reasonable doubt. *Id.* at 513–14.

In *Gamble v. State*, 717 S.W.2d 14, 15–16 (Tex.Crim.App.1986), the prosecution submitted judgments of the defendant's prior convictions which contained the following handwritten words: "upon motion of the State, the second paragraph was reduced to a misdemeanor, the defendant on trial for theft, a class A misdemeanor." The court of criminal appeals found that a reduction

of a felony offense to a misdemeanor was not a "detail" of the prior offense. "Consequently, the introduction of such evidence is not prohibited by the cases which forbid the details of a prior offense to be admitted for Art. 37.07(3)(a) purposes." *Id.* at 16.

In the instant case, the judgments submitted in the penitentiary packet do not reflect that the offenses that appellant was charged with were reduced to a lesser offense. The exhibits merely reflect that under the robbery by firearm statute, as it existed in 1971, the prosecutor agreed to waive a portion of the possible range of punishment, the death penalty, and that the appellant then pled guilty receiving a sentence of twenty-five years confinement. Under *Gamble*, there was no error in the admission of this language.

▇▇▇ Further, the appellant was convicted for dealing crack cocaine while carrying a loaded weapon. The record also shows that the appellant has several prior felony convictions: burglary, assault with intent to commit murder with malice, unlawful possession of a firearm by a convicted felon, theft, robbery by firearms, and murder. Additionally, the record does not show that the prosecution, during jury argument, made reference to those portions of the judgments that indicated that the appellant's sentences had been reduced. Therefore, if any possible error exists, we find that it was harmless. *See Davis*, 642 S.W.2d at 513–14, *Gamble*, 717 S.W.2d at 16. Appellant's fourth point of error is overruled.

▇▇▇ Under his fifth point of error, appellant attacks the sufficiency of the State's notice of its intent to seek a deadly weapon finding pursuant to article 42.12, section 3g(a)(2) of the Code of Criminal Procedure.

On September 1, 1988, the appellant was indicted for the offense of possession with intent to deliver a controlled substance. On September 27, 1989, the State filed a separate pleading labeled "Notice of Intent to Seek a Deadly Weapon Finding." This document simply stated that the State was providing "notice that the State is seeking an affirmative finding to a special issue regarding the use and exhibition of a Deadly Weapon by the Defendant in this offense."

Appellant claims that this separate pleading was insufficient to place the appellant on notice because the pleading did not specify *what kind* of weapon, if any, the State was going to try to prove.

In *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987), the court of criminal appeals, speaking through Justice Clinton, addressed the notice issue and found that the source of the defendant's right to notice that the State will seek an additional form of punishment is "firmly rooted in fundamental precepts of due process and due course of law—the right to be informed, at a bare minimum, that a particular proceeding (over and above the determination of guilt/innocence and sentence) will occur which may operate to further diminish the accused's liberty interest." *Id.* at 774–75 n. 7. Justice Clinton went on to write that without notice, "the accused has no way of knowing that such a finding may even be made until the special issue required in these circumstances ... has been submitted to the jury, or the trial court, acting as factfinder, enters the affirmative finding in the judgment!" *Id.* at 774 (footnote omitted) (citation omitted). "Simply put, the accused has not been alerted that a particular finding of fact, having an incrementally greater impact upon his liberty than a bare conviction, may even be made." *Id.* (footnote omitted). In addition, *Ex parte Patterson* held that the State's notice to seek an additional form of punishment, while it should, does not have to appear in the indictment. *Id.* at 776; *see also Luken v. State*, 780 S.W.2d 264, 267–68 (Tex.Crim.App.1989).

We hold that the State's separate pleading performed the notice requirement as authorized by the Texas Court of Criminal Appeals. The State's separate pleading, which stated that it was providing "notice that the State is seeking an affirmative finding to a special issue regarding the use and exhibition of a Deadly Weapon by the Defendant in this offense," sufficiently

alerted the appellant that a particular finding of fact, having incrementally greater impact upon his liberty then a bare conviction, was going to be made. In addition, appellant filed a motion to suppress evidence and participated in a hearing on the motion, claiming that the evidence seized from appellant at his arrest, including a handgun, should not be allowed into evidence. Appellant's counsel admitted at trial that months prior to the trial he had access to all the Fort Worth Police Department's reports detailing the recovery of a handgun from appellant at his arrest, which weapon was admitted at trial as State's exhibit 2. Appellant makes no claim of surprise or prejudice. Based on the above discussion, we overrule appellant's fifth point of error.

The trial court's judgment is affirmed.