**Don Anthony JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1570–92.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 30, 1994.

Patricia R. Saum, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Durfee and John Malanga, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of the offense of murder and sentenced to forty years imprisonment. Appellant appealed the conviction, and in an unpublished opinion, the conviction was affirmed. *Johnson v. State,* No. B14–91–00659–CR, 1992 WL 258927 (Tex.App.—Houston [14th Dist.] Oct. 8, 1992). Appellant petitioned this Court, and we granted review to consider appellant's second ground for review: whether jurors were improperly allowed to take notes during trial and to take these notes into the jury deliberation room. We will affirm the decision of the court below.

In his second ground for review, appellant argues that the Court of Appeals erred in holding that it was proper for the jurors to take notes during the trial, and in holding there was no error in allowing jurors to take notes into deliberation with them over appellant's objection. Appellant further contends that the taking of notes by jurors per se injects additional evidence outside the record.

In the instant case, immediately after the jurors were sworn in by the clerk of the court, the trial court instructed the jurors as follows:

TRIAL COURT: "Members of the jury, I know that one or two have a notepad and a pencil. I presume you intend to take notes.

"Let me tell you what the law is in Texas regarding that matter. The law says very strictly—you must follow it very strictly. You may take notes only for your own exclusive use. At no time must you reveal the contents of your notes to any other juror. You may use it for whatever pur-

pose you wish to refresh your memory but only to refresh your memory; not to reveal your notes to any other jurors.

"If at anytime during the trial or deliberation if any juror who has taken his or her notes and revealed it to you the other jurors or juror is to instruct that juror immediately not to do that because each of you must rely upon your own remembrance [sic] and not what somebody else is telling you. So, on that condition you may take notes provided you use it for your own use and benefit.

"Okay? Thank you." *Johnson v. State*, slip op. at 7.

Before the jurors retired for deliberations, the judge reminded the jurors of his instructions:

"Let me remind you jurors that took notes that you're not to reveal the contents of your notes to anyone else in the jury room. If that instruction is forgotten by those persons then the rest of the jurors will remind those who have notes and plan to reveal their notes that that is forbodden [sic] they cannot tell you what the notes contain. The jurors who took notes may use those notes only to refresh your memory, if it will." *Johnson*, slip op. at 7.

The issue of juror note-taking has been widely discussed throughout state and federal jurisdictions, and there is a split of authority. *Hubbard v. State*, 809 S.W.2d 316, 320 (Tex.App.—Fort Worth 1991). In *Hollins v. State*, 571 S.W.2d 873, 881 (Tex.Cr.App.1978) this Court, after conducting a survey of several jurisdictions, found that "[i]t clearly appears that in the absence of statute the majority view in this country is that the matter

of note-taking by jurors and their subsequent use during deliberations is left to the sound discretion of the trial court." [1] Furthermore, in *Hubbard v. State*, 809 S.W.2d at 321, the Court of Appeals held that even in the *absence* of a full instruction by the trial court that the notes taken by the jurors are not to be considered as evidence and that the jurors should pay full attention to the evidence as it is being delivered in court, a trial court does not abuse its discretion in supplying the jurors with note-taking material and in allowing the notes to be taken into the jury room during deliberations. (emphasis added)

Appellant cites no statutory prohibition preventing jurors from taking notes, or from using such notes during deliberations. Furthermore, appellant has failed to show that juror note-taking caused him to suffer any harm, unfairness, or prejudice. The record neither indicates the note-taking amounted to juror misconduct, Tex.R.App.P. 30(b)(8), nor that any additional evidence outside the record was injected. Tex.R.App.P. 30(b)(7). In the instant case, we believe the decision to allow jurors to take notes and consult them during deliberation was within the sound discretion of the trial court.

Based on the aforementioned reasons, we affirm the judgment of the Fourteenth Court of Appeals.

CAMPBELL, Judge, concurring.

The majority holds that juror note-taking rests within the sound discretion of the trial court. Although we may need to address the question of juror note-taking at some point, we do not need to address it in order to dispose of the instant case. Therefore, I do not join the majority opinion. But I do concur in the judgment of the Court.

Though the rules of law in these jurisdictions are not controlling (the rules are, at best, advisory), the growing trend is to permit the practice of jury note-taking, controlled by the discretion of the trial court.

However, if notes are not allowed at the discretion of the trial judge it would certainly eliminate the matter on appeal and probably save many hours of court time both at trial and at the appellate level.

---

1. In *Hollins*, this Court noted that in "twenty-six American state jurisdictions and in the federal courts," note-taking by jurors was permissible. *Hollins*, 571 S.W.2d at 878. Today, that number has grown to thirty-two state jurisdictions. The federal courts still permit the practice. R.M. Weddle, Annotation, *Taking and Use of Trial Notes By Jury*, 14 A.L.R.3rd 831 (1993 Supp.). At the same time, the number of jurisdictions prohibiting juror note-taking has only grown from four to five.

With respect to appellant's ground for review pertaining to juror note-taking, the relevant facts are as follows: Before any evidence was adduced at appellant's trial, the trial court instructed the jurors that they would be allowed to take notes during the presentation of the evidence. The trial court cautioned the jurors, however, that any notes taken were for the use of the note-taker only. In other words, the contents of the notes were not to be shared with other jurors. This cautionary instruction was repeated just before the jury retired for deliberation at the guilt/innocence phase. After the jurors retired, appellant objected to the jurors being allowed to take their notes into the jury room. The trial court overruled the objection. Although appellant complained of the juror note-taking on appeal, he made no attempt, by affidavit or otherwise, to show that any jurors actually used any notes during their deliberations.

We have already held that even if juror note-taking is improper, a reversal of a conviction is unwarranted when the appellant makes no showing that the jurors actually used their notes during their deliberations. *Hollins v. State*, 571 S.W.2d 873, 883 (Tex. Crim.App.1978). Therefore, on the record before us, appellant is not entitled to a reversal on the basis of juror note-taking, and the court of appeals did not err in denying him a reversal on that basis.

Appellant's ground for review regarding juror note-taking should be decided on the basis of *Hollins*. There is no need for the Court to decide the difficult question whether juror note-taking is lawful in state criminal trials. For that reason, I concur only in the judgment of the Court.

BAIRD, Judge, concurring on Appellant's Petition for Discretionary Review.

In *Price v. State*, 887 S.W.2d 949 (Tex.Cr. App., delivered this day), we held there is no abuse of discretion in a permitting juror

note-taking as long as the trial judge takes the following four cautionary steps.[1] First, determine if juror note-taking would be beneficial in light of the factual and legal issues to be presented at the trial. Second, the trial judge should inform the parties, prior to voir dire, if the jurors will be permitted to take notes. Third, the trial judge should admonish the jury, at the time it is impaneled, on note-taking. The following admonition, or one substantially similar, should be given:

Ladies and Gentlemen of the Jury:

Because of the potential usefulness of taking notes, you may take notes during the presentation of evidence in this case. However, you may not take notes during the arguments of the lawyers, or when the jury charge is read to you.

Moreover, to ensure a completely fair and impartial trial, I will instruct you to observe the following limitations:

1. Note taking is permitted, but not required. Each of you may take notes. However, no one is required to take notes.

2. Take notes sparingly. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.

3. Be brief. Overindulgence in note taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made the observation itself. Keep in mind that when you ultimately make a decision in a case you will

---

1. We paused to note that trial judges who did *not* permit juror note-taking would eliminate appellate review of the matter and probably save many

hours of trial and appellate court time. *Price,* 887 S.W.2d at 954, n. 10.

rely principally upon your eyes, your ears, and your mind, not upon your fingers.

4. Do not take your notes away from court. At the end of each day, please place your notes in the envelope which has been provided to you. A court officer will be directed to take the envelopes to a safe place and return them at the beginning of the next session on this case, unopened.

5. Your notes are for your own private use only. It is improper for you to share your notes with any other juror during any phase of the trial other than jury deliberations. You may, however, discuss the contents of your notes during your deliberations.

Fourth, the trial judge should provide the following instruction, or one substantially similar, in the jury charge at each phase of the trial:

You have been permitted to take notes during the testimony in this case. In the event any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may, however, discuss the contents of your notes with the other jurors. You shall not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard. Therefore, you are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

Occasionally, during jury deliberations, a dispute arises as to the testimony present-

ed. If this should occur in this case, you shall inform the Court and request that the Court read the portion of disputed testimony to you from the official transcript. You shall not rely on your notes to resolve the dispute because those notes, if any, are not official transcripts. The dispute must be settled by the official transcript, for it is the official transcript, rather than any juror's notes, upon which you must base your determination of the facts and, ultimately, your verdict in this case.

In relation to the first step, the record does not reveal whether the trial judge informed the parties that jury note taking would be permitted.[2] Clearly, the record supports the conclusion that the trial judge determined note-taking would benefit the jury. Moreover, the trial judge admonished the jury on the proper use of any notes taken at the time it was impaneled. Further, the trial judge instructed the jury on the proper use of the jury's notes in the jury charge. For these reasons, I believe the actions of the trial judge substantially complied with the four cautionary steps established today in *Price, supra.* Accordingly, the trial judge did not abuse his discretion by allowing the jury to take notes and use those notes during deliberations.

With these comments, I join the majority opinion.

MILLER, J., joins this opinion.

MALONEY, Judge, dissenting.

Although the court in this case attempted to instruct the jury that they should not show their notes to other jurors and that if other jurors attempted to show their notes, they should caution that juror that doing so was improper, I would nevertheless disallow the practice of jury note-taking altogether and the use of the notes by the note-taking juror during deliberations.

The majority points out that many jurisdictions allow note-taking by jurors; the majori-

---

**2.** Although the record is silent on this point, appellant does not contend the trial judge's ac-

tion was a surprise or compromised the effectiveness of his representation.

ty fails to distinguish those jurisdictions which have recognized that prejudice arises when the juror notes are taken into the jury room and used during deliberations. *See, e.g., United States v. Kimberlin,* 527 F.Supp. 1010 (S.D.Ind.1981) (where juror notes disposed of prior to deliberations, no prejudice shown), *aff'd,* 805 F.2d 210 (7th Cir.1986), *cert. denied,* 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987); *White v. State,* 552 P.2d 1161 (Okla.Crim.App.1976) (no prejudice where juror notes not used in jury deliberations); *Bakhit v. Thomsen,* 193 Neb. 133, 225 N.W.2d 860 (1975) (although note-taking generally frowned upon, no prejudice where no showing that notes used in jury room); *State v. Emrick,* 129 Vt. 475, 282 A.2d 821 (1971) (note-taking not prejudicial in absence of showing that notes were taken into jury room or considered during deliberations); *Fisher v. Strader,* 399 Pa. 222, 160 A.2d 203 (1960) (where notes surrendered before deliberations, no prejudice shown).

This state has jealously guarded against the intrusion into the jury room of matters not in evidence. Our opinions in this case and in *Price v. State,* 887 S.W.2d 949 (Tex. Crim.App.1994) diminish the effectiveness of our efforts to keep the deliberations of a jury pure. For the above reasons, I respectfully dissent.

MEYERS, Judge, dissenting.

Article 1.27 of the Code of Criminal Procedure expressly states that where the Code "fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." Tex.Code Crim.Pro. Art. 1.27. As the majority notes, Texas does not have a statute which speaks directly to the issue of juror note-taking in criminal cases. Therefore, in light of Art. 1.27, this Court is bound by the common law rule on the issue, if one exists. The common law rule prohibits the practice of note-taking by jurors, particularly where the jury retains the notes during deliberations. Wharton's Criminal Procedure, Vol. III, §§ 1767, 1780 (1918); Zoline's Federal Criminal Law and Procedure, Vol. III, § 450a (1921); Thompson on Trials, Vol. II, § 2585 (1889).

Because juror note-taking is disallowed under the common law, and because the Code of Criminal Procedure dictates that the common law governs in cases where the Code is silent, the practice may not be sanctioned by this Court. *See* Tex.Code Crim.Pro. Article 1.27. I believe that the Code of Criminal Procedure and the common law are sufficiently clear to reach the conclusion that the practice of jury note-taking is prohibited in Texas. *See also, Price v. State,* 887 S.W.2d at 956 (Meyers, J., dissenting) (Tex.Crim. App.1994). I therefore respectfully dissent.

CLINTON, J., joins.