**Roy Lee HUBBARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 793–91.

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1995.

---

Edwin J. Youngblood, David L. Richards, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Christian Harrison and David Montague, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted by a jury of possession with intent to deliver a controlled substance and sentenced to life imprisonment in the Texas Department of Corrections—Institutional Division. The conviction was affirmed on appeal. *Hubbard v. State,* 809 S.W.2d 316 (Tex.App.—Fort Worth 1991). We granted appellant's petition for discretionary review to determine whether the trial court erred in allowing jurors to take the notes they had taken during trial into the jury room during deliberations, and whether the trial court erred in admitting evidence of an unadjudicated attempted murder during the punishment phase of this non-capital offense. We will affirm in part and reverse in part.

### I.

Following jury selection but prior to opening statements, the trial court provided notebooks to the jurors and instructed them that they were allowed to take notes if they wished. Appellant lodged no objection at this time. At the close of trial, appellant objected to the jurors being allowed to take the notebooks into the jury room during deliberations. This objection and a second objection, which was lodged by appellant prior to the jury's deliberation on punishment, were both overruled. Appellant brought a motion for new trial, but presented no testimony from jurors regarding the alleged misuse of the jury notes.

In reliance on *Hollins v. State,* 571 S.W.2d 873, 881 (Tex.Cr.App.1978), the Court of Appeals was unable to find that the trial court abused its discretion in supplying the jurors with note-taking material or in allowing those notes to be taken into the jury room during deliberations. *Hubbard,* 809 S.W.2d at 321. The Court of Appeals held that even in the absence of a full instruction by the trial court that the notes taken by the jurors are not to be considered as evidence and that the jurors should pay full attention to the evidence as it is being delivered in court, a trial court does not abuse its discretion in supplying the jurors with note-taking material and in allowing the notes to be taken into the jury room during deliberations. We have recently addressed the issue of juror note-taking in two cases: *Johnson v. State,* 887 S.W.2d 957 (Tex.Cr.App.1994); and *Price v. State,* 887 S.W.2d 949 (Tex.Cr.App.1994). In the instant case the trial judge instructed the jury on the nature of the proceedings and the duty of the jury. *Hubbard,* supra at 320. At the time of trial, the trial court did not err in

allowing the note-taking or in allowing the jurors to take their notes into the jury room. *Hollins,* supra.

Although the trial court's ruling may not have been in full compliance with this Court's suggested procedures of *Price,* supra, there was no abuse of discretion on the part of the trial court. *Johnson,* supra. We believe the Court of Appeals correctly addressed the issue presented under the law extant at that time. Appellant's first ground of review is overruled.

## II.

Next, appellant claims the Court of Appeals erred in holding that the trial court properly admitted evidence of an unadjudicated attempted murder at the punishment phase of the trial. The Court of Appeals' opinion was handed down before our decision in *Grunsfeld v. State,* 843 S.W.2d 521 (Tex. Cr.App.1993). We, therefore, sustain appellant's second ground for review, reverse the judgment of the Court of Appeals, and remand the cause to that court for reconsideration based on our opinion in *Grunsfeld. Robbins v. State,* 843 S.W.2d 570 (Tex.Cr.App. 1992).

OVERSTREET, J., dissents.

MEYERS, J., not participating.

BAIRD, Judge, concurring.

Almost four years ago, the Court of Appeals lamented that neither this Court nor the Supreme Court had ruled on the propriety of juror note-taking. *Hubbard v. State,* 809 S.W.2d 316, 320 (Tex.App.—Fort Worth 1991).[1] We granted review to answer two questions: 1) should jurors be permitted to take notes; and, if so, 2) should jurors be permitted to use those notes during deliberations. We affirmatively answered these questions in *Price v. State,* 887 S.W.2d 949, 954 (Tex.Cr.App.1994), where we held juror note-taking is within the trial judge's discretion. *See also, Johnson v. State,* 887 S.W.2d 957 (Tex.Cr.App.1994). However, that discretion is abused when certain cautionary steps are not followed. *Price,* 887 S.W.2d at 954; *and, Johnson,* 887 S.W.2d at 959–960 (Baird, J., concurring).

In the instant case, the Court of Appeals conceded the trial judge did not follow the "better practice" of explaining the proper manner of taking notes and the use of those notes during deliberations. *Hubbard,* 809 S.W.2d at 321. However, in an alternative holding, the Court of Appeals held that if the notetaking was error, the error was harmless under Tex.R.App. P. 81(b)(2). *Ibid.*

Because the trial judge did not follow any of the cautionary steps announced in *Price,* he abused his discretion and the juror note-taking was error. Because the plurality does not find error, I cannot join that opinion. However, because appellant does not contend the error was not subject to a harm analysis, *see, Marin v. State,* 851 S.W.2d 275 (Tex.Cr. App.1993), or that the Court of Appeals erred in holding the error harmless, I concur in the judgment of the Court.

MALONEY, Judge, dissenting and concurring.

To allow jurors to take notes into the jury room is tantamount to allowing them to fall into the trap of considering their or other juror's notes as evidence; i.e., it is written, therefore (even if erroneously written), it is true. This trap is particularly dangerous

---

1. This issue was presented once before but we declined to reach the merits. In *Hollins v. State,* 571 S.W.2d 873 (Tex.Cr.App.1978), the defendant contended the trial judge erred in failing to grant a mistrial after discovering three jurors had taken notes during a portion of the trial. *Id.,* 571 S.W.2d at 878. After considering several opinions from foreign jurisdictions the Court stated:

> After due consideration of the facts in the instant case, we cannot conclude that this is the proper vehicle to lay down a hard and fast rule in criminal cases as to the propriety of jury note-taking and subsequent use in deliberations.

*Id.,* 571 S.W.2d at 883. The *Hollins* Court concluded that, assuming note-taking was improper, there was no harm. *Id.*

where as in this case the trial court did not instruct the jury or caution them concerning the use of their notes during deliberations; although even with instructions I would consider allowing the jurors to use notes during deliberations as error. *See Johnson v. State,* 887 S.W.2d 957 (Tex.Crim.App.1994) (Maloney, J., dissenting); *Price v. State,* 887 S.W.2d 949 (Tex.Crim.App.1994) (Maloney, J., dissenting with note).

For the above reasons, I dissent to the court's judgment in paragraph I of the court's opinion but join the court in its reversal as stated in paragraph II of its opinion on the basis of *Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1993).

CLINTON, J., joins.