**Charles Lynn ROBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 797–92, 798–92 and 799–92.**

Court of Criminal Appeals of Texas,
En Banc.

Dec. 9, 1992.

Petitions for discretionary review from
Court of Appeals, 9th Supreme Judicial
District.

Will Gray (on appeal only), Houston, for
appellant.

Peter C. Speers, III, Dist. Atty., and
Kathleen A. Hamilton, Asst. Dist. Atty.,
Conroe, Robert Huttash, State's Atty.,
Austin, for the State.

OPINION ON APPELLANT'S PE-
TITIONS FOR DISCRETION-
ARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of kidnapping
and aggravated sexual assault and his pun-
ishment was assessed by a jury at ten
years and seventy-five years confinement,
respectively. These convictions were af-
firmed. *Robbins v. State*, 827 S.W.2d 626
(Tex.App.—Beaumont, 1992).[1] Appellant
seeks discretionary review of the Court of
Appeals' holding that evidence of unadjudi-
cated extraneous offenses was admissible
in the punishment phase of trial.

During the punishment phase, the trial
court admitted testimony from four wit-
nesses concerning extraneous assaults Ap-
pellant had committed which did not result
in final convictions. The Court of Appeals
held that this evidence was admissible un-
der the 1989 amendment to Art. 37.07,
§ 3(a), V.A.C.C.P.

The Court of Appeals' opinion was hand-
ed down before our decision in *Grunsfeld
v. State*, 843 S.W.2d 521 (Tex.Cr.App.1992).
We therefore grant Appellant's petitions in
Nos. 798–92 and 799–92,[2] reverse the judg-
ment of the Court of Appeals, and remand
the cause to that court for reconsideration
in light of our decision in *Grunsfeld*.

---

1. In addition to the two convictions, the Court
of Appeals also affirmed the revocation of Ap-
pellant's probation for aggravated assault.
When appeal was perfected, three appeal num-
bers were assigned; however, pursuant to Ap-
pellant's motion, the three causes were consoli-
dated under appeal No. 09–90–240–CR. Since
the Court of Appeals' opinion affirmed three
trial court judgments, we assigned three PDR
numbers. PDR No. 797–92 corresponds with
appeal No. 09–90–240–CR, which, although now
disposing of all three causes, was originally as-
signed to trial court No. 89–07–0603–CR (proba-

tion revocation). PDR No. 798–92 corresponds
with appeal No. 09–90–247–CR and trial court
No. 90–08–0831–CR (kidnapping). PDR No.
799–92 corresponds with appeal No. 09–90–248–
CR and trial court No. 90–08–0832–CR (aggra-
vated sexual assault).

2. No. 797–92 is the probation revocation. Since
no issue as to extraneous offenses was raised
concerning the revocation, the petition in No.
797–92 is refused.